SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

ARYEH PERLMAN,

                     Plaintiff(s),

    -against-

MACHNE OF RICHMOND, LLC and
YAAKOV S. SCHWARTZ,

                     Defendant(s)

---

Index No:

Date Purchased:

Date Filed:

Plaintiff designates
Kings County as the
place of trial.

The basis of the venue
is the County where
the plaintiff resides.

**SUMMONS**

Plaintiff reside at
469 East 2nd Street
Brooklyn, New York
County of Kings

To the above named Defendant(s)

    **You are hereby summoned** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is completed if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:    July 19, 2021
               Brooklyn, New York

                                       ARON S. WOLF

                                       LAW OFFICES OF ARON S. WOLF
                                       Attorney for Plaintiff(s)
                                       3854 Flatlands Avenue
                                       Brooklyn, New York 11234
                                       718-253-0109

Defendant's address(es):

**MACHNE OF RICHMOND, LLC,**
      c/o Shaya Guttman, 35 Waterview Drive, Lakewood, New Jersey 08701
**YAAKOV S. SCHWARTZ,** 434 East 5th Street, Brooklyn, New York 11218

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

ARYEH PERLMAN,

                Plaintiff(s),

-against-

MACHNE OF RICHMOND, LLC and
YAAKOV S. SCHWARTZ,

                Defendant(s).

---

VERIFIED
COMPLAINT

INDEX NO:

Plaintiff, ARYEH PERLMAN, by his attorney, ARON S. WOLF, ESQ., as and for his Verified Complaint, respectfully alleges as follows:

1. That at all times herein mentioned the plaintiff, ARYEH PERLMAN, was and is a resident of the County of Kings, City and State of New York.

2. That at all times herein mentioned the defendant, MACHNE OF RICHMOND, LLC, was and is a domestic corporation, authorized to do business in the State of New Jersey, pursuant to the Laws of the State of New Jersey.

3. That at all times herein mentioned the defendant, MACHNE OF RICHMOND, LLC, was and is a domestic corporation, doing business in the State of New Jersey, pursuant to the Laws of the State of New Jersey.

4. That at all times herein mentioned the defendant, MACHNE OF RICHMOND, LLC, was and is a limited liability company, authorized to do business in the State of New Jersey, pursuant to the Laws of the State of New Jersey.

5. That at all times herein mentioned the defendant, MACHNE OF RICHMOND, LLC, was and is a limited liability company, doing business in the State of New Jersey, pursuant to the Laws of the State of New Jersey.

6. That at all times herein mentioned the defendant, MACHNE OF RICHMOND, LLC, was and is a business entity, authorized to do business in the State of New Jersey, pursuant to the Laws of the State of New Jersey.

7. That at all times herein mentioned the defendant, MACHNE OF RICHMOND, LLC, was and is a business entity, doing business in the State of New Jersey, pursuant to the Laws of the State of New Jersey.

8. That at all times herein mentioned the defendant, MACHNE OF RICHMOND, LLC, did business in the State of New York.

9. That at all times herein mentioned the defendant, MACHNE OF RICHMOND, LLC, contracted with the plaintiff and/or others who resided in the State of New York.

10. That at all times herein mentioned the defendant, MACHNE OF RICHMOND, LLC, advertised in the State of New York for its camp business.

11. That at all times herein mentioned the defendant, YAAKOV S. SCHWARTZ, was and is a resident of the County of Kings, City and State of New York.

12. That at all times herein mentioned the defendant, MACHNE OF RICHMOND, LLC, owned a 2018 Ford motor vehicle bearing license plate number HZM2106, registered in the State of New York.

13. That at all times herein mentioned the defendant, MACHNE OF RICHMOND, LLC, was the lessee of a 2018 Ford motor vehicle bearing license plate number HZM2106, registered in the State of New York.

14. That at all times herein mentioned the defendant, YAAKOV S. SCHWARTZ, operated a 2018 Ford motor vehicle bearing license plate number HZM2106, registered in the State of New York.

15. That at all times herein mentioned the defendant, YAAKOV S. SCHWARTZ, maintained a 2018 Ford motor vehicle bearing license plate number HZM2106, registered in the State of New York.

16. That at all times herein mentioned the defendant, YAAKOV S. SCHWARTZ, managed a 2018 Ford motor vehicle bearing license plate number HZM2106, registered in the State of New York.

17. That at all times herein mentioned the defendant, YAAKOV S. SCHWARTZ, repaired a 2018 Ford motor vehicle bearing license plate number HZM2106, registered in the State of New York.

18. That at all times herein mentioned the defendant, YAAKOV S. SCHWARTZ, supervised a 2018 Ford motor vehicle bearing license plate number HZM2106, registered in the State of New York.

19. That at all times herein mentioned the defendant, YAAKOV S. SCHWARTZ, controlled a 2018 Ford motor vehicle bearing license plate number HZM2106, registered in the State of New York.

20. That at all times herein mentioned the defendant, YAAKOV S. SCHWARTZ, operated, maintained, managed, repaired, supervised and controlled the 2018 Ford

motor vehicle bearing license plate number HZM2106, registered in the State of New York, with the knowledge, consent and permission, express and/or implied, of the owner, the defendant, MACHNE OF RICHMOND, LLC.

21. That at all times herein mentioned the defendant, YAAKOV S. SCHWARTZ, was an agent, servant and/or employee of the defendant, MACHNE OF RICHMOND, LLC.

22. That at all times herein mentioned the defendant, YAAKOV S. SCHWARTZ, was acting in his capacity as an agent, servant and/or employee of the defendant, MACHNE OF RICHMOND, LLC.

23. That at all times herein mentioned the defendant, YAAKOV S. SCHWARTZ, operated, maintained, managed, repaired, supervised and controlled the 2018 Ford motor vehicle bearing license plate number HZM2106, registered in the State of New York, for and on behalf of the defendant, MACHNE OF RICHMOND, LLC, and within the scope of his duties as an agent, servant and/or employee of the defendant, MACHNE OF RICHMOND, LLC.

24. That at all times herein mentioned the defendant, MACHNE OF RICHMOND, LLC, instructed and/or supervised the driver, the defendant, YAAKOV S. SCHWARTZ.

25. That at all times herein mentioned State Route 1214, in the County of Northampton, in the State of North Carolina, was and is a public roadway and thoroughfare, within the County of Northampton, in the State of North Carolina.

26. That at all times herein mentioned the plaintiff, ARYEH PERLMAN, was a passenger in the 2018 Ford motor vehicle bearing license plate number HZM2106, registered in the State of New York, which was operated by the defendant, YAAKOV S. SCHWARTZ.

27. That on the 15th day of August, 2019, while the plaintiff, ARYEH PERLMAN, was a lawful passenger in the aforesaid motor vehicle being operated by the defendant, YAAKOV S. SCHWARTZ, on State Route 1214, in the County of Northampton, in the State of North Carolina, said vehicle was operated in a negligent, careless and reckless manner by the defendants, their agents, servants and/or employees, so as to lose control of the vehicle, leave the roadway, enter a ditch and overturn on the side of the roadway, causing the plaintiff, ARYEH PERLMAN, to sustain the injuries hereinafter set forth.

28. That at all times herein mentioned the defendants owed a duty to the plaintiff, ARYEH PERLMAN, and to otherwise likewise situated, to operate, maintain, manage, repair, supervise and/or control their motor vehicle in a safe and responsible manner.

29. That at all times herein mentioned the defendant, MACHNE OF RICHMOND, LLC, owed a duty to the plaintiff, ARYEH PERLMAN, to instruct and supervise the driver, the defendant, YAAKOV S. SCHWARTZ, in a safe and responsible manner.

30. That at all times herein mentioned the defendants breached said duties.

31. That at all times herein mentioned said occurrence was caused solely and wholly by the negligence, carelessness and recklessness of the defendants, their agents, servants and/or employees, in the ownership, operation, maintenance, management, repair, supervision and control of the aforesaid motor vehicle, and without any negligence or culpable conduct on the part of the plaintiff contributing thereto.

32. That the negligence of the defendants consisted of failing to have and/or maintain their vehicle under proper control; in failing to keep a proper lookout for other vehicles; in failing to keep a reasonable and safe distance from other vehicles; in traveling at an unsafe, dangerous, unreasonable, unlawful and/or excessive rate of speed under the conditions and

circumstances then and there existing; in failing to give warning or notice of the approach of their vehicle; in failing to exercise reasonable care under the conditions and circumstances then and there existing; in failing to maintain the braking devices of their vehicle in proper working condition; in failing to maintain the other mechanical controls of their vehicle in proper working condition; in failing to operate their vehicle so as to avoid said accident; in ignoring the traffic conditions, then and there prevailing; in operating their vehicle in complete disregard of the traffic conditions, then and there prevailing; in operating their vehicle negligently under the circumstances then and there prevailing; in failing to observe the applicable rules of the road, traffic laws, rules, regulations, ordinances and statutes of the City and/or State therein of which the plaintiff will ask this Court to take Judicial Notice; in failing to use proper care and caution while traveling on the roadway where the accident occurred; in failing to observe traffic on the roadway where the accident occurred; in failing to obey traffic laws and rules; in failing to bring their vehicle to a complete stop; in failing to properly and timely use their brakes; in failing to avoid the accident; in losing control of their vehicle; in leaving their proper lane of travel; in leaving the roadway; in entering a ditch; in overturning their vehicle; in failing to steer their vehicle so as to avoid losing control of their vehicle; in failing to steer their vehicle so as to avoid leaving their proper lane of travel; in failing to steer their vehicle so as to avoid leaving the roadway; in failing to steer their vehicle so as to avoid entering a ditch; in failing to steer their vehicle so as to avoid overturning; in failing to come to a safe, timely and/or complete stop before losing control of their vehicle; in failing to come to a safe, timely and/or complete stop before leaving their proper lane of travel; in failing to come to a safe, timely and/or complete stop before leaving the roadway; in failing to come to a safe, timely and/or complete stop before entering a ditch; in failing to come to a safe, timely and/or complete stop before overturning; in

causing their vehicle to leave their proper lane of travel; in causing their vehicle to leave the roadway; in causing their vehicle to enter a ditch; in causing their vehicle to overturn; in dangerously, unsafely and illegally losing control of their vehicle; in dangerously, unsafely and illegally driving their vehicle out of their proper lane of travel; in dangerously, unsafely and illegally driving their vehicle off the roadway; in dangerously, unsafely and illegally driving their vehicle into a ditch; in dangerously, unsafely and illegally overturning their vehicle; in failing to see what there was to be seen; in failing to exercise that degree of care under the circumstances which would have prevented the accident; in failing to exercise reasonable care and caution, under the circumstances, then and there prevailing; in improperly instructing and/or supervising their driver, agent, servant and/or employee; and in being otherwise negligent, careless and reckless, under the circumstances, then and there prevailing.

33. That by reason of the foregoing and the wrongful, unlawful and negligent acts and/or omissions on the part of the defendants, as aforesaid, the plaintiff, ARYEH PERLMAN, was rendered sick, sore, lame and disabled; was seriously and permanently injured; suffered and will continue to suffer agony in body and mind; was and will be rendered unable to attend to his usual duties; was and will be compelled to secure medical aid and/or treatment in an endeavor to minimize his injuries, all to his damage in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

34. That by reason of the foregoing, the plaintiff has sustained "serious injuries" as defined in Section 5102(d) of the Insurance Law of the State of New York.

35. That this action falls within one or more of the exceptions set forth in CPLR Section 1602.

36. That by reason of the foregoing, the plaintiff, ARYEH PERLMAN, has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

WHEREFORE, the plaintiff, ARYEH PERLMAN, demands judgment against the defendants, MACHNE OF RICHMOND, LLC and YAAKOV S. SCHWARTZ, in an amount, which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein; together with the interest, costs and disbursements of this action.

Dated: Brooklyn, New York
      July 19, 2021

Yours, etc.

_____
ARON S. WOLF

LAW OFFICES OF ARON S. WOLF
Attorney for Plaintiff(s)
ARYEH PERLMAN
3854 Flatlands Avenue
Brooklyn, New York 11234
718-253-0109

Perlman.comp

STATE OF NEW YORK   )
                    )  ss:
COUNTY OF KINGS     )

I, ARYEH PERLMAN, being duly affirmed, says: I am the Plaintiff in the action herein; I have read the annexed COMPLAINT, and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based on information contained in the file.

ARYEH PERLMAN

affirmed to before me this
19th of July, 2021

Notary Public, State of New York
No. 24-5000301
Qualified in Kings County
Commission Expires August 10, 2022

INDEX NO:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

ARYEH PERLMAN,

        Plaintiff(s),

-against-

MACHNE OF RICHMOND, LLC and
YAAKOV S. SCHWARTZ,

        Defendant(s).

---

SUMMONS & VERIFIED COMPLAINT

---

LAW OFFICES OF ARON S. WOLF
Attorney for Plaintiff(s)
3854 Flatlands Avenue
Brooklyn, New York 11234
718-253-0109

---

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------x   Index No. 517731/2021
ARYEH PERLMAN,

                      Plaintiffs,   VERIFIED ANSWER TO COMPLAINT

    -against-

MACHNE OF RICHMOND and YAAKOV S. SCHWARTZ,

                      Defendants.
------------------------------------------------------------------------x

      Defendant, Camp Machane, LLC d/b/a Machane of Richmond, improperly sued herein as Machne of Richmond, with a business address in Lakewood, New Jersey, by and through its attorneys O'TOOLE SCRIVO, LLC, by way of its Answer to the Complaint, says:

      1.     Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph of the complaint numbered "1 ".

      2.     Denies each and every allegation contained in paragraph "2", "3", "4". "5", "6", and "7" except admits that Camp Machane, LLC is a New Jersey limited liability company d/b/a Machane of Richmond.

      3.     Denies each and every allegation contained in paragraph "8", and "9", and holds Plaintiff to his proofs.

      4.     Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph of the complaint numbered "10", and respectfully refers all questions of law to the Court.

      5.     Denies each and every allegation contained in paragraph "11", and "12".

1

6. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph of the complaint numbered "13", "14", "15", "16", "17", "18", "19", "20", "21", "22", "23", "24", "25", and "26", holds Plaintiff to its proofs, and respectfully refers all questions of law to the Court.

7. Demies each and every allegation contained in paragraph "27".

8. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph of the complaint numbered "28", and "29", holds Plaintiff to its proofs, and respectfully refers all questions of law to the Court.

9. Denies each and every allegation contained in paragraph "30", "31", "32", "33", "34", "35", and "36".

**WHEREFORE**, Defendant Camp Machane, LLC d/b/a Machane of Richmond demands judgment dismissing Plaintiff's Complaint, along with reasonable attorneys' fees, costs and any other relief that this Court may deem just and proper.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

That any damages allegedly sustained by Plaintiff was not caused by any negligence or carelessness on part of Defendants, their servants, agents or employees, but were caused solely by the negligence and carelessness of Plaintiff, and that such conduct requires diminution of any award, verdict, or judgment that Plaintiff may recover against Defendant.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Notwithstanding that Defendants denies liability, that in the event that liability is found, the liability of Defendants shall be fifty percent (50%) or less of the total liability assigned to all persons liable, and that pursuant to CPLR §1601 et. seq., the liability of Defendants for non-

economic loss shall not exceed its equitable share, determined in accordance with the relative culpability of each person or party causing or contributing to the total liability of non-economic loss.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The comparative fault of Plaintiff bars this action and/or diminishes the liability of Defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

That to the extent Plaintiff recovers any damages for the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings, and/or other economic loss, the amount of the award shall be reduced by the sum total of all collateral reimbursements, from whatever source, whether it be insurance, Social Security payments, workers' compensation, employee benefits, or other such programs, in accordance with the provisions of the CPLR § 4545.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

That all risks and alleged dangers connected with the situation at the time and place mentioned in the Verified Complaint were open, obvious, and apparent, and were known to and assumed by Plaintiff.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendants are barred because Defendants neither committed nor failed to commit any act which damaged Plaintiff.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

That upon information and belief, the injuries allegedly sustained by Plaintiff resulted from the acts of another over whom Defendants exercised no direction or control.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendants are barred because no proximate causation exists between the actions or omissions of Defendants and the damages alleged by Plaintiff.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

That to the extent the damages set forth in the Verified Complaint could have been wholly or in part avoided by reasonable effort on the part of Plaintiff, their agents, servants, and/or employees, and without undue burden, risk or expense, said damages were the result of Plaintiff's failure to mitigate and may not be recovered from Defendants.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

That the Verified Complaint fails to state a claim for which relief can be granted.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

That upon information and belief, the injuries allegedly sustained by Plaintiff were the result of superseding and/or intervening acts or causes, over which Defendants had neither control nor the right of control.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

That the Plaintiff's own negligence was the sole proximate cause of their injuries.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims against Defendants must fail due to a lack of notice.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

That the Honorable Court has no jurisdiction over the subject matter of the Verified Complaint.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

At the time and place mentioned in the Verified Complaint, Defendants violated no legal duty owed to Plaintiff.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

Defendants assert any and all rights that may exist involving contractual and/or common law indemnification with others unknown at this time.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants acted reasonably and with due care at all times relevant to the matters set forth in the Verified Complaint.

### AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to properly serve Defendant.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

The injuries and damages alleged were proximately caused by a pre-existing condition or injury and/or actions of others or events separate, distinct, unrelated and remote to any alleged action or inaction of Defendants for which Defendants cannot be liable.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

Defendants assert the doctrines of waiver, laches, and estoppel.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants assert any and all defenses available to it under the statutes and regulations of the State of New York and the United States.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

The provisions of CPLR § 50-B apply to any verdict in this case.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

If Plaintiff has settled, discontinued, and ended this lawsuit and/or any other lawsuit arising out of the same incident to which the within action pertains, and/or does so in the future as against Defendants and/or other alleged tortfeasor(s), Defendants assert their rights to any and all set offs provided by General Obligations Law § 15-108.

## AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendants hereby reserve the right to amend its pleadings and to assert additional defenses and/or supplement, alter and change their pleadings upon the revelation of more definite facts by the parties and upon further discovery and investigation.

## AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

That Plaintiff did not sustain a serious injury as defined by Insurance Law § 5102.

## AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

That Plaintiff failed to plead a cause of action.

## AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

That Plaintiff failed to properly serve the Defendants.

## AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants assert any and all other affirmative defenses available under the laws of the states of North Carolina, New Jersey and Virginia, including but not limited to the defense that this action is barred by the applicable statute of limitations.

Dated: Cedar Grove, New Jersey
       November 22, 2021

By:  /s/ *Larry C. Green*
     Larry C. Green, Esq.
     O'TOOLE SCRIVO, LLC
     14 Village Park Road
     Cedar Grove, New Jersey 07009
     (973) 239-5700
     *Attorneys for Defendant, Camp Machane, LLC d/b/a Machane of Richmond*

## ATTORNEY VERIFICATION

Larry C. Green, an attorney duly admitted to practice law before the Courts of the State of New York, hereby affirms the following statements to be true under the penalties of perjury:

1. I am Of Counsel with the law firm O'TOOLE SCRIVO, LLC, attorneys of record for the Defendants in the within action, and am fully familiar with the facts and circumstances set forth herein.

2. Affirmant has read the foregoing Verified Answer to Plaintiff's Verified Complaint, knows the contents thereof, and the same is true to Affirmant's own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters Affirmant believes them to be true.

3. Affirmant further states that the reason this Affirmation is made by the undersigned and not by Defendants is because Defendants do not maintain a place of business in the county where the Affirmant maintains his office.

4. The basis of your Affirmant's belief as to all matters not stated to be upon Affirmant's personal knowledge is investigation and other information contained in the Affirmant's file.

Dated: Cedar Grove, New Jersey
November 22, 2021

                                                                         *S/ Larry C. Green*
                                                                         Larry C. Green, Esq