```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------  X
                                                            :
ARYEH PERLMAN,                                              :    **MEMORANDUM DECISION**
                                                            :    **AND ORDER**
                              Plaintiff,                    :
                                                            :    21-cv-6699 (BMC)
              - against -                                   :
                                                            :
CAMP MACHANE LLC, and YAAKOV S.                             :
SCHWARTZ                                                    :
                                                            :
                              Defendants.                   :
----------------------------------------------------------  X
```

**COGAN**, District Judge.

Defendants removed this motor vehicle accident case on the basis of diversity jurisdiction. By Order to Show Cause, I *sua sponte* raised their failure to properly allege their own citizenship and an amount in controversy sufficient to support removal, see Joseph v. Leavitt, 465 F.3d 87, 89 (2d Cir. 2006), citing them to some relevant authorities. In particular, the only allegation defendants made regarding the amount in controversy in their notice of removal was "[t]he amount in controversy exceeds $75,000." Defendants have responded to the Order to Show Cause, addressing the citizenship point, but they did not address the amount in controversy requirement. See 28 U.S.C. § 1332(a). Their allegation in the notice of removal remains insufficient, and accordingly this action is remanded to state court.

The plaintiff's state court complaint does not state an amount in controversy. There is nothing surprising about that, as N.Y. C.P.L.R. § 3017(c) prohibits the assertion of a monetary demand in a personal injury case. Nor is there any indication in the state court file that the amount in controversy exceeds $75,000. The state court complaint does allege that plaintiff sustained a "serious injury." It also alleges that plaintiff's claim "exceeds the monetary

jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action."

But neither of these allegations has anything to do with the federal jurisdictional threshold. The allegation of a "serious injury" refers to a term of art under the New York Insurance Law "No Fault" provisions that allows a claimant to escape the prohibition against litigation. See N.Y. Ins. L. § 5104(a). There is no reason one cannot have a "serious injury" as defined in the Insurance Law and still seek less than $75,000 in damages. Similarly, the allegation that the damages "exceed[] the monetary jurisdictional limit of any or all lower courts," is required under C.P.L.R. § 325 to prevent removal from the Supreme Courts to the lower County Courts or the New York City Civil Court, which have a jurisdictional limit of $25,000, or the Long Island District Courts, which have a jurisdictional limit of $15,000, or the various Town and Village Courts, which have a jurisdictional limit of $3000.[1] Thus, plaintiff's allegations get him into Supreme Court, but have no bearing on forcing him into federal court.

This frequently used practice of prematurely removing personal injury cases to federal court stems from two factors. The first, noted above, is the prohibition on alleging an amount in controversy under C.P.L.R. § 3017(c). The New York Legislature undoubtedly had policy reasons for that prohibition, but it does raise ambiguity as to the removability of cases to federal court. The second factor is the fear among defense counsel that if they allow 30-days from receipt of service of the summons and complaint to pass, they will have waived their right to remove.

---

[1] The jurisdictional limits of some of the lower New York courts was increased in the last election, but apparently implementing legislation has not yet taken effect. See https://www.nycourts.gov/courts/nyc/civil/index.shtml. In any event, even these increased limits do not approach the federal jurisdictional threshold.

However, the combination of another part of C.P.L.R. § 3017(c) and the Second Circuit's decision in Moltner v. Starbucks Coffee Co., 624 F.3d 34 (2d Cir. 2010), takes care of these issues. The Second Circuit has made it clear that a defendant's 30-day period to remove does not begin to run until it receives actual notice, not implied notice, of the amount in controversy. Starbucks, 624 F.3d at 38 ("[T]he removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought."). In addition, C.P.L.R. § 3017(c), although prohibiting a specific monetary demand in a complaint, allows a defendant at any time to require a plaintiff to state the dollar amount of his demand, and plaintiff must do so within 15 days. Since the removal statute allows a full year to remove in diversity cases, 28 U.S.C. § 1446(c)(1) once the case becomes removable, and since the 30-day period only begins to run once the defendant has actual notice of the amount in controversy, there is no difficulty in ascertaining removability with certainty. In the absence of a demand in the complaint, Starbuck's gives a personal injury defendant the key to start its own removal period, and C.P.L.R. § 3017(c) gives that defendant the information necessary to determine whether the case is removable.

I recognize that the district court decisions within the Second Circuit are split on this issue. There are cases that rely on the "serious injury" and "in excess of the jurisdiction of the lower court" language to sustain removal. Compare Vaghela-Omanoff v. Ryder Truck Rental, Inc., No. 19-CV-4390, 2019 WL 2193820 (S.D.N.Y. May 21, 2019) (remanding action) with Nickel v. Nike, Inc., No. 11 CIV. 4495, 2011 WL 4343852, at *3 (S.D.N.Y. Aug. 18, 2011) (declining motion to remand). For the reasons set forth above, I respectfully disagree with the decisions that allow removal in these circumstances.

This case is therefore remanded to the Supreme Court of the State of New York, County of Kings, case number 517731/2021.

**SO ORDERED.**

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
December 11, 2021

4